UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESUS FERNANDEZ,<br><br>       Plaintiff,<br><br>v.<br><br>CBE GROUP, INC. and DOES 1-10, Inclusive,<br><br>       Defendant. | C.A. NO. 1:14-CV-11980-DJC |

### JESUS FERNANDEZ AND CBE GROUP, INC.'S JOINT MOTION TO TRANSFER VENUE TO NORTHERN DISTRICT OF IOWA

Pursuant to 28 U.S.C. § 1404(a), the plaintiff, Jesus Fernandez ("Fernandez"), and the defendant, CBE Group, Inc. ("the CBE") (collectively "the Parties"), jointly move to transfer this case from United States District Court, Eastern District of Massachusetts to the United States District Court, Northern District of Iowa.  In support of their motion, the Parties state as follows:

1. Fernandez's claims against CBE arise out of alleged efforts by CBE to collect a debt.  Fernandez asserts that CBE's calls resulted in violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., the Massachusetts Consumer Protection Act, M.G.L. c. 93A, were an invasion of privacy, and constituted an intentional infliction of emotional distress and fraud.

2. Fernandez is an adult individual residing in Pinecrest, Florida.  CBE is an Iowa corporation with a principal place of business in Cedar Falls, Iowa.

3. CBE contends that Massachusetts does not have personal jurisdiction over it because Fernandez's claims do not arise out of CBE transacting business in Massachusetts[1].

---

[1] The Massachusetts long arm statute grants jurisdiction "as to a cause of action law or equity arising from the person's …transacting any business in this commonwealth." G.L. c. 223A, §3(a).  A claim "arises from" activity or business in the Commonwealth where the plaintiff can

CBE also contends that Massachusetts is not a convenient forum to litigate this matter as none of the parties or witnesses are located in Massachusetts.

4.     28 U.S.C. § 1404(a), authorizing change of venue, provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought *or to any district or division to which all parties have consented.*

28 U.S.C. § 1404(a) (emphasis added).

5.     All parties have consented to the transfer of this matter to the Northern District of Iowa. The Northern District of Iowa has personal jurisdiction over CBE and is a more convenient forum by virtue of the fact that CBE's corporate offices are located within this district.

WHEREFORE the plaintiff, Jesus Fernandez, and the defendant, CBE Group, Inc., hereby respectfully requests this Court enter an Order transferring this case to the United States District Court for the Northern District of Iowa.

---

establish that the claim would not have occurred "but for" the defendant's contacts with Massachusetts.  <u>Tatro v. Manor Car, Inc.,</u> 416 Mass. 763, 767 (1994).

Respectfully submitted,

| | |
|---|---|
| JESUS FERNANDEZ | CBE GROUP, INC. |
| By His Attorney | By Its Attorney |
| */s/ Sergei Lemberg* | */s/ Ranen S. Schechner* |
| Sergei Lemberg, BBO #650671 | Ranen S. Schechner, BBO #655641 |
| Lemberg Law, L.L.C. | rschechner@hinshawlaw.com |
| 1100 Summer Street, 3rd Floor | Andrew M. Schneiderman, BBO #666252 |
| Stamford, CT 06905 | aschneiderman@hinshawlaw.com |
| Tel: 203-653-2250 | HINSHAW & CULBERTSON LLP |
| Fax: 203-653-3424 | 28 State Street, 24th Floor |
| | Boston, MA 02109 |
| | Tel: 617-213-7000 |
| | Fax: 617-213-7001 |

Dated:      August 28, 2014

## CERTIFICATE OF SERVICE

    I, Ranen S. Schechner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 28, 2014.

                                      */s/ Ranen S. Schechner*
                                      Ranen S. Schechner

34437801v2 0958697